UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| GIANNA P., | Case No.: 3:20-cv-01808-AGS |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION FOR 42 U.S.C. § 406(b) FEES (ECF 26)** |
| v. | |
| Martin O'MALLEY, | |
| Defendants. | |

Plaintiff's counsel moves for attorney's fees under 42 U.S.C. § 406(b) after successfully receiving past due Social Security benefits of $105,974.90 for plaintiff. (ECF 26, at 16; *see also* ECF 26-3.) Counsel requests $10,500.00, offset by "an order to reimburse [plaintiff] the amount of $2,900.00 for . . . fees previously paid." (ECF 26, at 1; *see also* ECF 28, at 3 (clarifying a typo in the original fee petition).) To date, neither plaintiff nor the Commissioner of Social Security has objected.

"Under § 406(b), when a court renders a judgment favorable to a claimant who was represented before the court by an attorney, the court may award a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Culbertson v. Berryhill*, 586 U.S. 53, 59 (2019) (quoting 42 U.S.C. § 406(b)(1)(A)) (cleaned up and emphasis omitted). In a § 406(b) award, courts must "respect 'the primacy of lawful attorney-client fee agreements'" and assess the fee agreement for reasonableness. *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)). Although § 406(b) "does not specify how courts should determine whether a requested fee is reasonable," fee agreements are generally presumed valid unless they exceed an award of 25 percent of past due benefits. *Id.*; *see also Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1038 (N.D. Cal. 2003) (noting courts are "deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting *de facto* hourly rates may exceed those for non contingency-fee arrangements"). This is because "basing a reasonableness determination on a simple

1

hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss." *Hearn*, 262 F. Supp. 2d 1038. Yet fee awards can be reduced if representation is "substandard." *Gisbrecht*, 535 U.S. at 808. Several factors may be considered when assessing reasonableness: "(1) the character of the representation; (2) the results achieved; (3) whether the attorney engaged in dilatory conduct; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases." *Avina v. Saul*, No. 18-CV-1728 W (MSB), 2021 WL 2662309, at *1 (S.D. Cal. June 29, 2021). Counsel may also choose to reduce their requested fee even if the contingency agreement is valid. *See Crawford*, 586 F.3d at 1151–52.

Plaintiff agreed to a contingency fee of "25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court." (ECF 26-1, at 1; 26-2, at 1) Because the fee is no more than 25 percent of the award, it is presumptively valid unless counsel's representation was substandard. *See Gisbrecht*, 535 U.S. at 808. Here, counsel "prepared and participated in the preparation of an opening brief resulting in a joint motion for remand filed by the parties," "secured a decision from [the] Court, remanding this matter for further administrative proceedings," and on remand, "entitl[ed] [plaintiff] to receive approximately $105,974.90 in past due benefits." (ECF 26, at 5, 6.) Counsel thus achieved a favorable result. And there is no evidence of dilatory conduct or undue delay. Counsel spent only 15.75 hours on this matter. (ECF 26, at 5; ECF 26-4, at 1–2.) This is well within a reasonable number of hours. *See Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 (C.D. Cal. 2000) (holding that expenditure of 33.75 hours was reasonable after conducting "a survey of several dozen cases").

With 15.75 hours of work expended for the requested $10,500 award, counsel's effective hourly rate is about $667.00. (ECF 26, at 7.) Although high, this rate is not unreasonable. *See, e.g., Triplett v. Berryhill*, No. CV16-4142-DMG-SK, 2018 WL 6588533, at *1 (C.D. Cal. Aug. 3, 2018) (approving fee of $1,027.88);Christopher R. B. v.

Colvin, No. 8:23-CV-00249-BFM, 2025 WL 26796, at *2 (C.D. Cal. Jan. 3, 2025) (noting that an "$876" an hour "rate is well within the rates that the Ninth Circuit and courts in this District have approved"). And counsel preemptively reduced his fee to 10 percent of the total past-due award, instead of requesting the full 25 percent that plaintiff agreed to. (ECF 26, at 7, 11.) The Court concludes that "the requested fees" are eminently reasonable, because they are both "significantly lower than the fees bargained for in the contingent-fee agreements" and "not excessively large in relation to the benefits achieved." *Crawford*, 586 F.3d at 1151.

## ORDER

Counsel's motion for attorney's fees under 42 U.S.C. § 406(b) is **GRANTED**. Plaintiff's counsel is awarded the amount of $10,500.00 and is **ORDERED** to reimburse plaintiff in the amount of $2,900.00 for EAJA fees previously paid.

Dated: January 7, 2025

Hon. Andrew G. Schopler
United States District Judge